UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE HARRIS and ROBERT HARRIS,

Plaintiffs,

CIVIL CASE NO. 05-40155

v.

ALLSTATE INSURANCE COMPANY,

Defendant.
_______________________________________/

HONORABLE PAUL V. GADOLA
U.S. DISTRICT COURT

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This is an action for payment on Plaintiff's homeowner policy for loss due to fire. This matter has come before the Court on Defendant's motion to dismiss for Plaintiffs' failure to appear at their own depositions, filed on February 24, 2006. The proof of service for Defendant's motion indicates that it was served on Plaintiffs on February 24, 2006. No response opposing the motion has been filed. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(b) (emphasis added). Local Rule 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. L.R. 7.1(d)(1)(B). Accordingly, the response to Defendant's motion was due on approximately March 20, 2006. *See* Fed. R. Civ. P. 6(e). Since no response has been filed, the motion is unopposed.

Defendant moves this Court to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 37(d) for Plaintiffs' failure to appear at their depositions on three occasions. On the first two occasions, Defendant was given notice in advance that Plaintiffs would not attend their depositions as scheduled. Both times, Defendant and Plaintiffs' Counsel mutually agreed upon another date. On

the third and final occasion, Plaintiffs' Counsel telephoned to confirm the date, time and location of the deposition one day before the deposition was scheduled. Yet, Plaintiffs nonetheless failed to appear. Defendant represents that it has on numerous occasions requested dates convenient for Plaintiffs, but Plaintiffs have not responded and Plaintiffs' Counsel has not returned Defendant's Counsel's telephone calls. Plaintiffs' actions have severely hampered Defendant's ability to obtain the discovery necessary to defend this action.

Rule 37(d) provides that if a party fails to appear at his own deposition after being served with proper notice, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." Fed. R. Civ. P. 37(d). Rule 37(b)(2)(C) provides that the Court may issue "[a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). "Thus, under Rule 37(d) and (b)(2)(C), the district court ha[s] authority to dismiss the case." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

Here, Plaintiffs received proper notice of the depositions. The burden is on Plaintiffs to show that their failure to appear was due to an inability, not a willfulness or bad faith. *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Plaintiffs' Counsel's telephone call to confirm the date, time and location of the deposition the day before the deposition was scheduled supports the presumption that Plaintiffs were able to attend the third deposition. Plaintiffs' refusal to provide Defendant with alternative dates or to communicate with Defendant amounts to a continuing refusal to appear. Therefore, the Court will dismiss Plaintiffs' complaint with prejudice. Plaintiffs were afforded some notice of this possibility by Defendant's motion. *See*

*Reyes*, 307 F.3d at 458.

Furthermore, the record shows a failure on the part of Plaintiffs to prosecute this case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); E.D. Mich. L.R. 41.2.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 19] is **GRANTED**, Defendant is awarded the reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to appear, and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: April 13, 2006

s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on April 14, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
James F. Hewson, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Stuart M. Collis
.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845